STATE OF INDIANA                )          IN THE MARION SUPERIOR COURT
                                ) SS:
COUNTY OF MARION                )          CAUSE NO.

DEBBIE HARDWICK

    VS.

KROGER LIMITED PARTNERSHIP I

## COMPLAINT FOR DAMAGES

    Comes now the plaintiff, Debbie Hardwick, by counsel, Ken Nunn Law Office, and for cause of action against the defendant, Kroger Limited Partnership I, alleges and says:

    1.    That on or about October 31, 2019, the plaintiff, Debbie Hardwick, was a customer at the Kroger stores located at 7101 East 10th Street in Indianapolis, Marion County, Indiana.

    2.    That on or about October 31, 2019, the plaintiff, Debbie Hardwick, tripped and fell over plastic straps that had fallen from merchandise placed at the entrance to the store, causing the plaintiff to suffer serious injuries.

    3.    That it was the duty of the defendant to use ordinary care and diligence to keep and maintain the said premises in a condition reasonably safe for its intended uses and free from all defects and conditions which would render the premises dangerous and unsafe for plaintiff, or present an unreasonable risk of harm to plaintiff in her lawful use of same.

    4.    That it was the duty of the defendant to exercise reasonable care to protect plaintiff, by inspection and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable use of said premises.

    5.    That it was the duty of the defendant to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for plaintiff and free from defects and conditions rendering the premises unsafe.

    6.    That it was the duty of the defendant to warn plaintiff of the dangerous and unsafe condition existing on said premises.

    7.    That the defendant knew or should have known of the unreasonable risk of danger to the plaintiff but failed either to discover it or to correct it after discovery.

-2-

8. That the fall and resultant permanent injuries of plaintiff were caused by the negligence of the defendant who failed to utilize reasonable care in the inspection and maintenance of said premises.

9. That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

10. That the plaintiff has incurred medical expenses, lost wages and other special expenses, and will incur future medical expenses, lost wages and other special expenses, as a direct and proximate result of defendant's negligence.

WHEREFORE, the plaintiff demands judgment against the defendant for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages and other special expenses, for future medical expenses, lost wages and other special expenses, court costs, and all other proper relief in the premises.

KEN NUNN LAW OFFICE


BY: *s/ Chris Moeller*
Chris Moeller, #25710-49
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN  47404
Phone: (812) 332-9451
Fax: (812) 331-5321
E-mail: chrism@kennunn.com


**REQUEST FOR TRIAL BY JURY**

Comes now the plaintiff, by counsel, Ken Nunn Law Office, and requests that this matter be tried by jury pursuant to Trial Rule 38.

-3-

KEN NUNN LAW OFFICE


BY:     *s/ Chris Moeller*
        Chris Moeller, #25710-49
        KEN NUNN LAW OFFICE
        104 South Franklin Road
        Bloomington, IN  47404
        Phone: (812) 332-9451
        Fax: (812) 331-5321
        E-mail: chrism@kennunn.com


Chris Moeller, #25710-49
Ken Nunn Law Office
104 South Franklin Road
Bloomington, IN 47404
Telephone:  812-332-9451
Fax Number:   812-331-5321
Attorney for Plaintiff

# APPEARANCE FORM (CIVIL)
## Initiating Party

| | | |
|---|---|---|
| | CAUSE NO: | |
| 1. | Name of first initiating party | Debbie Hardwick<br>1435 S Arlington Avenue<br>Indianapolis, IN  46203 |
| 2. | Telephone of pro se initiating party | NA |
| 3. | Attorney information (as applicable for service of process) | Chris Moeller #25710-49<br>Ken Nunn Law Office<br>104 South Franklin Road<br>Bloomington, IN  47404<br>PHONE:       812 332-9451<br>FAX:             812 331-5321<br>Email:  chrism@kennunn.com |
| 4. | Case type requested | CT (Civil Tort) |
| 5. | Will accept FAX service | YES |
| 6. | Are there related cases | NO |
| 7. | Additional information required by State or Local Rules | |
| Continuation of Item 1 (Names of initiating parties) | | NAME:<br>NAME: |
| Continuation of Item 3 (Attorney information as applicable for service of process) | | |

                                                    s/Chris Moeller
                                          Attorney-at-Law
                              (Attorney information shown above.)

CIRCUIT/SUPERIOR COURTS FOR THE COUNTY OF MARION
STATE OF INDIANA
CITY COUNTY BUILDING, 200 E. WASHINGTON STREET
INDIANAPOLIS, INDIANA 46204
TELEPHONE 317 327-4740

Debbie Hardwick

Plaintiff(s)

VS.                                              No. _____

Kroger Limited Partnership I

Defendant(s)

## SUMMONS

The State of Indiana to Defendant: **Kroger Limited Partnership I, c/o Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204**

You have been sued by the person(s) named "plaintiff" in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this document. It also states the demand which the plaintiff has made and wants from you.

You must answer the complaint in writing, by you or your attorney, within Twenty (20) days, commencing the day after you receive this summons, or judgment will be entered against you for what the plaintiff has demanded. You have twenty-three (23) days to answer if this summons was received by mail. **Such Answer Must Be Made In Court.**

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: 7/10/2020

_Myla A. Eldridge_
CLERK, MARION CIRCUIT/SUPERIOR COURTS

CHRIS MOELLER, #25710-49
ATTORNEY FOR PLAINTIFF
KEN NUNN LAW OFFICE
104 FRANKLIN ROAD
BLOOMINGTON, IN   47404

### ACKNOWLEDGMENT OF SERVICE OF SUMMONS

A copy of the above summons and a copy of the complaint attached thereto were received by me at _____ this _____ day of _____, 2020.

_____
SIGNATURE OF DEFENDANT

PRAECIPE:  I designate the following mode of service to be used by the Clerk.

XX      By certified or registered mail with return receipt to above address.

☐       By Sheriff delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein.

☐       By _____ delivering a copy of summons and complaint personally to defendant or by leaving a copy of the summons and complaint at his dwelling house or usual place of abode.

☐       By serving his agent as provided by rule, statute or valid agreement, to-wit:

KEN NUNN LAW OFFICE

BY:     _s/ CHRIS MOELLER_
        ATTORNEY FOR PLAINTIFF

[SEAL: MARION COUNTY COURTS INDIANA]

**CERTIFICATE OF MAILING:** I certify that on the __ day of _____, 2020, I mailed a copy of this summons and a copy of the complaint to each of the defendant(s) by (registered or certified mail requesting a return receipt signed by the addressee only, addressed to each of said defendant(s) at the address(es) furnished by plaintiff.

Dated this __ day of _____, 2020.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SERVICE OF SUMMONS BY MAIL:** I hereby certify that service of summons with return receipt requested was mailed on the __ day of _____, 2020, and that a copy of the return of receipt was received by me on the _____ day of _____, 2020, which copy is attached herewith.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**CERTIFICATE OF CLERK OF SUMMONS NOT ACCEPTED BY MAIL:** I hereby certify that on the __ day of _____ _, 2020, I mailed a copy of this summons and a copy of the complaint to the defendant(s) by (registered or certified) mail, and the same was returned without acceptance this __ day of _____, 2020, and I did deliver said summons and a copy of the complaint to the Sheriff of MARION County, Indiana.

Dated this __ day of _____, 2020.

_____
CLERK, MARION CIRCUIT/SUPERIOR COURTS

**RETURN OF SUMMONS:** This summons came to hand on the __ day of _____, 2020, and I served the same on the __ day of _____, 2020.
1. By mailing a copy of the summons and complaint personally to _____ address _____ _____.
2. By delivering a copy of summons and complaint personally to _____.
3. By leaving a copy of the summons and complaint at _____the dwelling house or usual place of abode of defendant:_____(Name of Person) and by mailing by first class mail a copy of the summons on the __ day of _____, 2020 to _____his last known address.
4. By serving his agent as provided by rule, statute or valid agreement to-wit:_____ _____.
5. Defendant cannot be found in my bailwick and summons was not served.

And I now return this writ this __ day of _____, 2020.

_____
SHERIFF or DEPUTY

**RETURN ON SERVICE OF SUMMONS:** I hereby certify that I have served the within summons:
1. By delivery on the __ day of _____, 2020 a copy of this summons and a copy of the complaint to each of the within named defendant(s) _____.
2. By leaving on the __ day of _____, 2020 for each of the within named defendant(s)_____ _____, a copy of the summons and a copy of the complaint at the respective dwelling house or usual place of abode with _____ a person of suitable age and discretion residing therein whose usual duties or activities include prompt communication of such information to the person served.
3. _____and by mailing a copy of the summons without the complaint to _____at _____ _____the last known address of defendant(s).
All done in MARION County, Indiana.

Fees: $_____                             _____
                                          SHERIFF or DEPUTY

Filed: 7/20/2020 7:21 PM
Clerk
Marion County, Indiana

IN THE MARION COUNTY SUPERIOR COURT NO. 12

| | | |
|---|---|---|
| DEBBIE HARDWICK, | ) | |
|     Plaintiff, | ) ) ) | CAUSE NO. 49D12-2007-CT-022758 |
| v. | ) ) | |
| KROGER LIMITED PARTNERSHIP I, | ) ) | |
|     Defendant. | ) | |

## APPEARANCE FORM

**Party Classification:**   Initiating ☐   Responding ☒   Intervening ☐

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Defendant Kroger Limited Partnership I</u>.

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   Name:    Donald B. Kite, Sr., #11601-41       Phone: 317-697-5046
   Address: ATTORNEY AT LAW                       Fax:   None
            8082 Stafford Lane                    Email: don.kite@gmail.com
            Indianapolis, IN 46260

3. There are other party members: Yes____ No _X_ *(If yes, list on continuation page.)*

4. *If first initiating party filing this case,* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): _____

5. I will accept service by FAX at the above noted number: Yes ____ No _X_

6. This case involves support issues: Yes ____ No _X_

7. There are related cases: Yes ____ No ___X___ *(If yes, list on continuation page.)*

8. This form has been served on all other parties and Certificate of Service is attached: Yes ☒ No ☐

Respectfully submitted,

<u>/s/ Donald B. Kite, Sr.</u>
Donald B. Kite, Sr., #11601-41
Attorney for Defendant
Kroger Limited Partnership I

2

## CERTIFICATE OF SERVICE

I certify that on July 20, 2020, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I also certify that on July 20, 2020, the foregoing document was served upon the following persons by IEFS:

Chris Moeller, #25710-49
KEN NUNN LAW OFFICE
104 S. Franklin Road
Bloomington, IN 47404

                    /s/ Donald B. Kite, Sr.
                    Donald B. Kite, Sr.

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260

2

Filed: 7/27/2020 1:53 PM
Clerk
Marion County, Indiana

## IN THE MARION COUNTY SUPERIOR COURT NO. 12

| | |
|---|---|
| DEBBIE HARDWICK, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. 49D12-2007-CT-022758 |
| ) | |
| v. ) | |
| ) | |
| KROGER LIMITED PARTNERSHIP I, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT KROGER LIMITED PARTNERSHIP I'S
### ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Kroger Limited Partnership I, by counsel, for its Answer to Plaintiff's Complaint for Damages, states:

1. Defendant Kroger Limited Partnership I admits that the Plaintiff, Debbie Hardwick, reported on October 31, 2019 that she had been present earlier that day at the Kroger store which is located at 7101 East 10th Street, Indianapolis, Marion County, Indiana, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegation which are contained in rhetorical paragraph 1 of Plaintiff's Complaint for Damages.

2. Defendant Kroger Limited Partnership I admits that the Plaintiff, Debbie Hardwick, later telephoned the store and reported that she tripped and fell over a plastic strap outside the building and near the entrance to the store, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegation which are contained in rhetorical paragraph 2 of Plaintiff's Complaint for Damages.

3. Inasmuch as the allegations which are contained within rhetorical paragraph 3 of Plaintiff's Complaint for Damages constitute legal allegations rather than factual averments, the Defendant makes no response to the same.

4. Inasmuch as the allegations which are contained within rhetorical paragraph 4 of Plaintiff's Complaint for Damages constitute legal allegations rather than factual averments, the Defendant makes no response to the same.

5. Inasmuch as the allegations which are contained within rhetorical paragraph 5 of Plaintiff's Complaint for Damages constitute legal allegations rather than factual averments, the Defendant makes no response to the same.

6. Inasmuch as the allegations which are contained within rhetorical paragraph 6 of Plaintiff's Complaint for Damages constitute legal allegations rather than factual averments, the Defendant makes no response to the same.

7. Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained within rhetorical paragraph 7 of Plaintiff's Complaint for Damages.

8. Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained within rhetorical paragraph 8 of Plaintiff's Complaint for Damages.

9. Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained within rhetorical paragraph 9 of Plaintiff's Complaint for Damages.

10. Defendant Kroger Limited Partnership I denies the truth of the allegations which are contained within rhetorical paragraph 7 of Plaintiff's Complaint for Damages.

## **AFFIRMATIVE DEFENSES**

Subject to further discovery, Defendant Kroger Limited Partnership I asserts the following affirmative defenses:

1. The Plaintiff's damages, if any, should be barred or reduced as a result of Plaintiff Debbie Hardwick's comparative fault.

2.      To the extent that the Plaintiff receives or has received payments for her alleged injuries and damages, any such payments constitute satisfaction and must be set-off against any recoveries made in this litigation against Defendant Kroger Limited Partnership I.

3.      The Plaintiff has failed to mitigate her damages.

4.      The Plaintiff's damages, if any, should be barred or reduced with respect to Defendant Kroger Limited Partnership I inasmuch as said damages are attributable, in whole or in part, to the negligence of a non-party whose identity is presently unknown.

WHEREFORE, Defendant Kroger Limited Partnership I prays for judgment in its favor, for its costs incurred in defending this action, and for all other appropriate relief.

Respectfully submitted,

/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr., #11601-41
Attorney for Defendant
Kroger Limited Partnership I

**CERTIFICATE OF SERVICE**

I certify that on July 27, 2020, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I also certify that on July 27, 2020, the foregoing document was served upon the following persons by IEFS:

Chris Moeller, #25710-49
KEN NUNN LAW OFFICE
104 S. Franklin Road
Bloomington, IN 47404

/s/ Donald B. Kite, Sr.
Donald B. Kite, Sr.

ATTORNEY AT LAW
8082 Stafford Lane
Indianapolis, IN 46260

**UNITED STATES POSTAL SERVICE**

Mailer: Ken Nunn Law Office

Date Produced: 07/20/2020

ConnectSuite Inc.:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8316 1267 24. Our records indicate that this item was delivered on 07/15/2020 at 09:54 a.m. in INDIANAPOLIS, IN 46204. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

KROGER LIMITED PARTNERSHIP I C/O CORPORATION SERVICE COMPANY
135 N PENNSYLVANIA ST STE 1610
INDIANAPOLIS IN 46204-2448

Customer Reference Number:    C2156933.12258563
Return Reference Number:       Debbie Hardwick

USPS MAIL PIECE TRACKING NUMBER:  4204620492148901940383161267 24
MAILING DATE: 07/13/2020
DELIVERED DATE: 07/15/2020
CUSTOM1:


MAIL PIECE DELIVERY INFORMATION:

KROGER LIMITED PARTNERSHIP I C/O CORPORATION SERVICE COMPANY
135 N PENNSYLVANIA ST STE 1610
INDIANAPOLIS IN 46204-2448


MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 07/13/2020 09:25 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | BLOOMINGTON,IN 47404 |
| 07/14/2020 08:16 | ORIGIN ACCEPTANCE | BLOOMINGTON,IN 47404 |
| 07/14/2020 09:31 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 07/15/2020 02:40 | PROCESSED THROUGH USPS FACILITY | INDIANAPOLIS,IN 46206 |
| 07/15/2020 07:50 | ARRIVAL AT UNIT | INDIANAPOLIS,IN 46204 |
| 07/15/2020 08:01 | OUT FOR DELIVERY | INDIANAPOLIS,IN 46204 |
| 07/15/2020 09:54 | DELIVERED INDIVIDUAL PICKED UP AT USPS | INDIANAPOLIS,IN 46204 |

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT 12 |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D12-2007-CT-022758 |

DEBBIE HARDWICK

    VS.

KROGER LIMITED PARTNERSHIP I

## PLAINTIFF'S PRELIMINARY LIST OF WITNESSES AND EXHIBITS

**WITNESSES**:

1. Plaintiff Debbie Hardwick

2. Representative of Defendant Kroger Limited Partnership I

3. All treating physicians, Franciscan ExpressCare Thompson Commons, 5210 E Thompson Road, Indianapolis, IN  46237

4. Dr. John T. Kihlken, M.D., Franciscan Physician Network Neuroscience, 8051 S Emerson Avenue, Suite 300, Indianapolis, IN  46237-8630

5. All treating physicians, Madison Avenue Family Medicine, 8778 Madison Avenue, Suite 200, Indianapolis, IN  46227

6. All doctors that plaintiff has seen for injuries.

7. Various lay witnesses, to be named later, will testify to the plaintiff's physical abilities before and/or after the incident.

8. All witnesses listed by defendant.

9. Additional witnesses may be listed by plaintiffs after discovery has been completed and prior to any deadlines set by the Court.

10. Plaintiff reserves the right to call rebuttal witnesses.

**EXHIBITS**:

1. Diagram of scene of incident.

2. Medical records.

2

3.  Medical bills.

4.  X-rays or other results of diagnostic tests.

5.  911 Calls and/or recordings

6.  Medical encyclopedia and/or dictionary.

7.  Physician's Desk Reference.

8.  DSM-5, AMA Guides to the Evaluation of Permanent Impairment, Sixth Edition, or other learned treatises.

9.  Photographs or other depictions.

10. Lost wage documentation.

11. Video relating to this cause.

12. Life expectancy tables.

13. Video depictions/animations/stills of medical treatments and/or surgery performed or to be performed including but not limited to anatomical depictions of the human body and/or instrumentalities used or to be used in such treatments.

14. Animation depicting how the incident occurred or an expert's opinion on how the incident occurred or might have occurred or similarly including but not limited to instrumentalities and persons and locations involved in the incident.

15. Demonstrative aids and/or exemplars, including but not limited to photographs, website materials, Facebook or other social media items, Google Earth maps and street views or other computer assisted GPS location programs depicting locations, Google search results, Amazon items for general sale, anatomical illustrations, PowerPoint slides, YouTube videos of mechanism of injury and/or medical treatments and surgeries for conditions, animations, websites, search engine results, musical overlays, reproductions or other representative illustrations,   diagrams, drawings or depictions of scenes, people or things involved in this incident and any combination or modification of the above.

16. All exhibits listed by defendant

17. Additional exhibits may be listed by plaintiffs upon completion of discovery and prior to any deadlines set by the Court


3

18. Any and all documents or other materials utilized by any expert retained by defendant and/or plaintiff to testify in this cause of action.

19. Any and all documents attached and/or referenced in defendant's discovery responses.

                Respectfully submitted,
                KEN NUNN LAW OFFICE


    By:    */s/Chris Moeller*
            Chris Moeller, # 25710-49
            Attorney for Plaintiff

Chris Moeller, #25710-49
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff

4
**CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of August, 2020 a copy of this document was filed electronically. Service of this filing will be made on all registered counsel by operation of the Court's electronic filing system or by mail should counsel not be registered.

Donald B. Kite, Sr.
Attorney At Law
8082 Stafford Lane
Indianapolis, IN   46260

                              Respectfully submitted,
                              KEN NUNN LAW OFFICE


                   By:    */s/Chris Moeller*
                              Chris Moeller, # 25710-49
                              Attorney for Plaintiff

Chris Moeller, #25710-49
Ken Nunn Law Office
Franklin Place
104 S. Franklin Road
Bloomington, IN 47404
Telephone (812) 332-9451
Attorney for Plaintiff